UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CALVIN A. TAUSS,

        Plaintiff,

vs.                        Case No.  2:06-cv-669-FtM-29SPC

NORTH COLLIER COLLISION, INC.,

        Defendant.

_____

**OPINION AND ORDER**

_____This matter comes before the Court on review of defendant's (amended) Motion to Quash Service (Doc. #14) and (amended) Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. #15)[1], filed on January 17, 2007, filed January 17, 2007.  Plaintiff filed a Motion to Court to Accept Certificate of Service for Registered Mail for Original Claim and Court Order (Doc. #18), which will be construed as a response to the motion to quash service of process, and a Response (Doc. #17) to the motion to dismiss.  Also before the Court is a Motion for Emergency Expediting (Doc. #28).  The Court will review the case, however, no immediate emergency appears to exist in this case.

A review of the untitled Complaint (Doc. #1) reflects the following relevant facts:  Plaintiff is a resident of Naples, Florida.  On or about April 23, 2005, plaintiff was in a car

_____

[1]As the motions to dismiss and quash service of process were amended to correct counsel's signature and re-filed, Documents #11 and #12 will be denied as moot.

accident in Lee County, Florida, resulting in the towing of his car by defendant North Collier Collision.  Plaintiff was notified that his personal items would not be moved until towing and storage charges were paid.  Plaintiff stated that he could not pay the charges as a disabled Veteran.  Plaintiff was informed of the option to turn over the title to the vehicle, which he did and sent to defendant by mail.  Defendant stated that it never received the title.  Plaintiff seeks access to his license plate, a declaratory judgment regarding defendant's actions, Court costs, and appropriate money damages including emotional distress damages.

The pleadings of a *pro se* litigant, that is unrepresented individual, are held to a less stringent standard than those drafted by an attorney, and therefore must be liberally construed. Trawinski v. United Techs., 313 F.3d 1295, 1297 (11th Cir. 2002). That being said, federal courts are courts of limited jurisdiction, and the court is required to inquire into its jurisdiction at the earliest possible point in the proceeding.  Kirkland v. Midland Mortg. Co., 243 F.3d 1277, 1279-80 (11th Cir. 2001). Jurisdiction may be established by the presence of a federal question, 28 U.S.C. § 1331, or where the amount in controversy exceeds $75,000 exclusive of interests and costs and is between citizens of different States, 28 U.S.C. § 1332(a).  In this case, the mere classification of plaintiff as a disabled veteran by the United States Department of Veterans Affairs is not a basis for federal jurisdiction as it has no bearing on his claim against defendant.

Upon review, it appears diversity jurisdiction does not exist in this case. The lien amount on plaintiff's car for the tow is $310.00. Even if the amount were multiplied several times, plaintiff could not meet the requisite minimum of $75,000 to file in federal court. Additionally, as indicated by the motion to dismiss, defendant is a Florida citizen by virtue of the corporation's registration and principal place of business location in the State of Florida. Therefore, the parties are not diverse and the Court lacks jurisdiction over this case.

The Court will take this opportunity to address the Motion to Court to Accept Certificate of Service for Registered Mail for Original Claim and Court Order (Doc. #18), construed as a response, to remind plaintiff that he must execute service of process by way of a process server or law enforcement officer pursuant to Federal Rule of Civil Procedure 4, or if plaintiff re-files the case in state court, the state counterpart. Without a waiver, registered or certified mail is inadequate.

Accordingly, it is now

**ORDERED AND ADJUDGED:**

1. Defendant's Motion to Quash Service of Process (Doc. #11) is **DENIED** as **moot.**

2. Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. #12) is **DENIED** as **moot.**

-3-

3.   Defendant's (amended) Motion to Quash Service of Process (Doc. #14) and (amended) Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. #15) are **GRANTED.**

4.   Plaintiff's Motion to Court to Accept Certificate of Service for Registered Mail for Original Claim and Court Order (Doc. #18) is **terminated** as a motion and construed as a Response to defendant's (amended) Motion to Quash Service of Process.

5.   Plaintiff's Motion for Emergency Expediting of Case (Doc. #28) is **GRANTED** to the extent that plaintiff's case has been addressed.

6.   The Clerk shall enter judgment dismissing the case without prejudice, terminate all pending matters as moot, and close the case.

**DONE AND ORDERED** at Fort Myers, Florida, this ___5th___ day of March, 2007.

_____
JOHN E. STEELE
United States District Judge

Copies:
Parties of record
DCCD

-4-